LOCAL FORM 3015-1
REVISED 09/2025

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Crowell, Arthur

Case No. 26-43004
CHAPTER 13 PLAN ☑ Modified
Dated 11/03/2026

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14 | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee **$1,500.00** (including balance on hand of $1,421.85 ).

2.2 After the date of this plan, the debtor will pay the trustee: **$88,500.00** .

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $1,500.00 | 2 (11/2026) | 60 (09/2031) | 59 | $88,500.00 |
| | | | PART 2.2 SUBTOTAL: | **$88,500.00** |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4 The debtor will also pay the trustee ____________________.

2.5 The debtor will pay the trustee a total of **$90,000.00** [lines 2.1 + 2.2 + 2.4].

2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows: **See Plan provision 15.5** .

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$9,000.00** [line 2.5 x 0.10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

LOCAL FORM 3015-1
REVISED 09/2025

| | Creditor | Description of property |
|---|---|---|
| None | | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | Onity Mortgage Corpora | Legal Description: The West Half of Lot 11, Tonkawood, Hennepin County, Minnesota. 3531 Steele St Minnetonka, MN 55345-1326 | $12,629.95 | | | Pro-Rata | | $12,629.95 | $0.00 | $12,629.95 |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $2,395.00 | | ☑ Debtor ☐ Trustee | | $0.00 | | $0.00 | $0.00 |
| | | | | | | | | | TOTAL: | **$12,629.95** |

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | + *amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| None | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

LOCAL FORM 3015-1
REVISED 09/2025

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | | |
| | | | | | | | | | TOTAL: | **$0.00** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Internal Revenue Service | $13,276.19 | 02/27 | Pro-Rata | | $13,276.19 | $0.00 | $13,276.19 |
| 8.2 | Butwinick Law Office | $6,050.00 | 10/26 | Pro-Rata | | $6,050.00 | $0.00 | $6,050.00 |
| | | | | | | | TOTAL: | **$19,326.19** |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | |
| | | | | | | | TOTAL: | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | | |
| | | | | | | | | TOTAL: | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis.
**All following entries are estimates.**

LOCAL FORM 3015-1
REVISED 09/2025

| | | | |
|---|---|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $0.00 | Estimated remaining payments | |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $546,281.00 | *+ amount paid to date by trustee (mod. plan only)* | |
| | | = TOTAL estimated payments | $49,043.86 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $546,281.00 | | |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 8.9% | | |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property<br>*(including the complete legal description of real property)* |
|---|---|---|
| | **None** | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. *See* 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | Midland Credit Managem | a. Amount of lien | $2,128.00 | ☑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): **$2,128.00** .<br>❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): **$0.00** . The amount of the unsecured claim is (line f): **$56,220.19** . |
| Collateral: | Legal Description: The West Half of Lot 11, Tonkawood, Hennepin County, Minnesota. | b. Amount of all other liens | $454,092.19 | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | Judgment Lien – 27-CV-26-9765 | c. Value of claimed exemptions | $15,000.00 | |
| | | d. Total of adding lines a, b, and c | $471,220.19 | |
| | | e. Value of debtor's interest | $415,000.00 | |
| | | f. Subtract line e from line d. | $56,220.19 | |

LOCAL FORM 3015-1
REVISED 09/2025

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | Fnb Omaha | a. Amount of lien | $12,884.00 | ☑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): **$12,884.00** .<br>❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): **$0.00** . The amount of the unsecured claim is (line f): **$471,220.19** . |
| Collateral: | Legal Description: The West Half of Lot 11, Tonkawood, Hennepin County, Minnesota. | b. Amount of all other liens | $443,336.19 | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | Judgment Lien – 27-CV-23-16848 | c. Value of claimed exemptions | $15,000.00 | |
| | | d. Total of adding lines a, b, and c | $471,220.19 | |
| | | e. Value of debtor's interest | $0.00 | |
| | | f. Subtract line e from line d. | $471,220.19 | |

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | Portfolio Recov Assoc | a. Amount of lien | $1,225.00 | ☑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): **$1,225.00** .<br>❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): **$0.00** . The amount of the unsecured claim is (line f): **$471,220.19** . |
| Collateral: | Legal Description: The West Half of Lot 11, Tonkawood, Hennepin County, Minnesota. | b. Amount of all other liens | $454,995.19 | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | Judgment Lien – 27-CO-26-1973 | c. Value of claimed exemptions | $15,000.00 | |
| | | d. Total of adding lines a, b, and c | $471,220.19 | |
| | | e. Value of debtor's interest | $0.00 | |
| | | f. Subtract line e from line d. | $471,220.19 | |

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | Capital One | a. Amount of lien | $4,101.00 | ☑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): **$4,101.00** .<br>❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): **$0.00** . The amount of the unsecured claim is (line f): **$471,220.19** . |
| Collateral: | Legal Description: The West Half of Lot 11, Tonkawood, Hennepin County, Minnesota. | b. Amount of all other liens | $452,119.19 | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | Judgment Lien: 27-CV-24-15075 | c. Value of claimed exemptions | $15,000.00 | |
| | | d. Total of adding lines a, b, and c | $471,220.19 | |

LOCAL FORM 3015-1
REVISED 09/2025

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| e. Value of debtor's interest | $0.00 | | | |
| f. Subtract line e from line d. | $471,220.19 | | | |

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | Fnb Omaha | a. Amount of lien | $9,985.00 | ☑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): **$9,985.00** .<br>❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): **$0.00** . The amount of the unsecured claim is (line f): **$471,220.19** . |
| Collateral: | Legal Description: The West Half of Lot 11, Tonkawood, Hennepin County, Minnesota. | b. Amount of all other liens | $446,235.19 | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | Judgment Lien: 27-CV-23-18873 | c. Value of claimed exemptions | $15,000.00 | |
| | | d. Total of adding lines a, b, and c | $471,220.19 | |
| | | e. Value of debtor's interest | $0.00 | |
| | | f. Subtract line e from line d. | $471,220.19 | |

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | Minnesota Department of Revenue | a. Amount of lien | $6,114.19 | ☑ Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): **$6,114.19** .<br>❑ Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): **$0.00** . The amount of the unsecured claim is (line f): **$471,220.19** . |
| Collateral: | Legal Description: The West Half of Lot 11, Tonkawood, Hennepin County, Minnesota. | b. Amount of all other liens | $450,106.00 | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | $15,000.00 | |
| | | d. Total of adding lines a, b, and c | $471,220.19 | |
| | | e. Value of debtor's interest | $0.00 | |
| | | f. Subtract line e from line d. | $471,220.19 | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | **1305 Claims:**<br>Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending.<br>The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |

LOCAL FORM 3015-1
REVISED 09/2025

| | |
|---|---|
| 15.2 | **APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT:**<br>Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee, and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans. |
| 15.3 | **ONLINE ACCOUNT ACCESS & MONTHLY BILLING STATEMENTS:**<br>Online account access and monthly billing statements authorized for certain claims. Creditors with claims provided for in Parts 4, 5, 6, 7, 8, 10, 11 and 12 are authorized to allow online account access to the debtor(s) and to send monthly billing statements to the debtor(s). Neither the debtor(s) nor their attorneys shall construe these actions as a violation of the automatic stay. |
| 15.4 | **SURRENDER, FORECLOSURE OR REPOSSESSION:**<br>Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 9, 15 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case. |
| 15.5 | **TAX RETURNS:**<br>The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of her federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. Individual debtors shall be entitled to retain the first $1,200 of refunds and joint debtors shall be entitled to retain the first $2,000 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. |
| 15.6 | **DISPUTED CLAIM OF BOLD NORTH ROOFING & CONTRACTING, LLC:**<br>The Debtor disputes the claim asserted by Bold North Roofing & Contracting, LLC, including the amount owed, based upon defective and incomplete roofing work and continuing roof leaks. The Debtor anticipates filing an objection to the claim and expressly reserves all objections, defenses, claims, and rights of recoupment.<br><br>Notwithstanding any other provision of this plan, no distributions shall be made on account of Bold North's disputed claim pending further order of the Court. Confirmation shall not determine the allowance, amount, or secured status of the claim, or the validity, priority, or extent of its asserted mechanic's lien. This plan does not avoid that lien under 11 U.S.C. § 522(f). Confirmation shall not determine the allowance, amount, or enforceability of the claim, and this plan does not modify or avoid any valid lien securing it.<br><br>Upon resolution of the dispute, the Debtor shall promptly propose any further plan modification necessary to provide appropriate treatment of any allowed claim. All parties retain their rights concerning the claim, asserted lien, and proposed treatment. |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | Total payments |
|---|---|
| Payments by trustee [Part 3] | $9,000.00 |
| Maintenance of payments and cure of default, if any [Part 5] | $12,629.95 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $0.00 |
| Secured claims excluded from § 506 [Part 7] | $0.00 |
| Priority claims [Part 8] | $19,326.19 |
| Domestic support obligation claims [Part 9] | $0.00 |

LOCAL FORM 3015-1
REVISED 09/2025

| Class of payment | Total payments |
|---|---|
| Separate classes of unsecured claims [Part 10] | $0.00 |
| Timely filed unsecured claims [Part 11] | $49,043.86 |
| TOTAL (must equal line 2.5) | $90,000.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **s/ Jeffrey Butwinick**

Jeffrey Butwinick
Attorney for debtor
Bar Number: 0342208
Butwinick Law Office
7800 Metro Parkway 300
Minneapolis, MN 55425
Phone: (651) 210-5055
Email: jeff@butwinicklaw.com

Signed: **s/ Arthur Crowell**

Arthur Crowell
Debtor 1

Signed: ____________________

Debtor 2 (if joint case)